# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD WILLIAMS,

    *Petitioner*,

vs.

STATE OF NEVADA,

    *Respondent*.

3:10-cv-0745-ECR-VPC

ORDER

This matter comes before the Court for initial review. Ronald Williams, a Nevada state inmate, has filed a notice of appeal seeking to appeal a decision of the Supreme Court of Nevada to this Court.

The filing is subject to multiple defects.

First, Williams did not pay the filing fee, and he did not file an application to proceed *in forma pauperis*. Under 28 U.S.C. § 1914(a), the filing fee for "any civil action, suit or proceeding . . . whether by original process, removal or otherwise," except for an application for a writ of habeas corpus, is $350.00. Williams did not file an application for a writ of habeas corpus; he filed a notice of appeal. The filing fee in this matter, as currently presented, therefore would be $350.00. Moreover, the payment of the $350.00 filing fee is subject to the requirements of the Prisoner Litigation Reform Act in 28 U.S.C. § 1915, including the requirement that Williams pay the full $350.00 fee in installments even if he currently is not able to pay the entire fee.

Second, this Court does not have jurisdiction over an action brought against the State of Nevada. The state sovereign immunity recognized by the Eleventh Amendment bars suit against the State in federal court, regardless of the relief sought.

Third, this Court does not have appellate jurisdiction over the Supreme Court of Nevada. *See, e.g., Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). In filing a notice of appeal from the order of the state supreme court, Williams unquestionably is seeking to invoke appellate jurisdiction by the federal district court over the state supreme court. This Court does not have such jurisdiction over the Supreme Court of Nevada.

Due to the multiple substantial defects presented, the matter will be dismissed without prejudice. Given that Williams has attached a copy of a rehearing petition in the Supreme Court of Nevada articulating potential claims, the dismissal herein will be without prejudice to the filing in this action of an amending pleading within the Court's jurisdiction. The Court expresses no opinion as to whether any such amending pleading would be timely or otherwise would present viable claims.

IT THEREFORE IS ORDERED that this matter shall be DISMISSED without prejudice, with leave to file an amending pleading within the Court's jurisdiction. Petitioner shall have thirty (30) days from entry of this order to: (a) mail to the Clerk of Court for filing an amending pleading within the Court's jurisdiction, with copies of all written state court decisions regarding his conviction and sentence, including on direct appeal; and (b) either pay the appropriate filing fee for the amending pleading filed or mail for filing a properly completed application to proceed *in forma pauperis.* Final judgment will be entered dismissing this action if petitioner fails to do the foregoing both timely and completely.

IT FURTHER IS ORDERED, pursuant to Local Rule LR 15-1, that any amended pleading filed must be complete in itself without reference to previously filed papers. Thus, the claims and allegations that are stated in the amended pleading will be the only matters remaining before the Court. Any claims or allegations that are left out of the amended pleading or that are not re-alleged in the pleading no longer will be before the Court.

1  IT FURTHER IS ORDERED that petitioner shall clearly title the amending pleading as an amended pleading by placing the word "AMENDED" on the first page of the pleading above the title of the pleading as a petition or other paper, and he shall place the docket number, 3:10-cv-0745-ECR-VPC, above the word "AMENDED."

The Clerk shall send petitioner two copies of an application to proceed *in forma pauperis* for an incarcerated person, two copies of a noncapital Section 2254 petition form, and one copy of the instructions for each form, along with a copy of the papers that he filed. The forwarding of these forms by the Court and Clerk does not constitute any instruction or advice to the petitioner as to which proceeding to pursue.

DATED: December 2, 2010

_____
EDWARD C. REED
United States District Judge

-3-