# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD C. WILLIAMS,

    *Petitioner*,

vs.

E.K. MCDANIELS, *et al.*,

    *Respondents*.

3:10-cv-00805-ECR-VPC

(Base File)

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (#1) to proceed *in forma pauperis,* his motion for appointment of counsel (submitted with the petition, #1-5), and sundry other motions (#1-4, #6, #8, #10 & #11) described in further detail *infra*.

    On the application to proceed *in forma pauperis*, the Court finds that petitioner is unable to pay the $5.00 filing fee, and the application therefore will be granted.

    Following review of the counsel motion, petition and accompanying papers, the Court finds that the interests of justice warrant the appointment of counsel, in light of: (a) documentation reflecting possible mental health issues and administration of psychotropic medication;[1] (b) the relatively involved procedural history in the state courts, as it may relate

---

[1] See #1-4, at electronic docketing pages 5-13. The Court notes that the report submitted reflected that petitioner, while having mental health issues, was competent to assist in his defense and to intelligently waive his right to testify at a sentencing hearing. An ability to assist in one's defense is a distinct matter from an ability to independently pursue legal relief without the assistance of counsel. The Court expresses no opinion and makes no findings of fact at this juncture as to petitioner's past or present mental health issues and/or as to their impact on any procedural or substantive issue in this case. Counsel is being appointed out
(continued...)

to the resulting complexity of procedural issues in federal court such as timeliness, exhaustion, and procedural default; (c) the number and complexity otherwise of the federal claims and potential claims; and (d) the length of the minimum remaining sentence under petitioner's sentencing structure, under which petitioner potentially may not be eligible for consideration for parole for another twenty-six years.

IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is GRANTED such that petitioner will not be required to pay the $5.00 filing fee.

IT FURTHER IS ORDERED that the Clerk of Court shall file the petition and accompanying motions.

IT FURTHER IS ORDERED that the motion for counsel is GRANTED and that the Clerk shall reflect in the docket entry for the motion that the motion is granted by this order. The counsel appointed will represent petitioner in all proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. **The appointment further shall extend as well to petitioner's earlier action in No. 3:10-cv-00745-ECR-VPC, in connection with any possible claim of relation back in regard to the first-filed papers in that action. The first-filed action has been administratively closed, but a final judgment of dismissal has not been entered in that matter, which is consolidated with this action.**

IT FURTHER IS ORDERED that the Federal Public Defender shall be provisionally appointed as counsel and shall have **thirty (30) days** to undertake direct representation of petitioner or to indicate to the Court the office's inability to represent petitioner in these proceedings. If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. A deadline for the filing of an amended petition will be set after counsel has entered an appearance, in the order confirming the specific appointment. The Court anticipates setting the deadline for 150 days based upon the current record.

---

[1](...continued)
of an abundance of caution so that any such issues may be adjudicated without any question regarding petitioner's ability to litigate such issues due to a mental health issue or associated medication regimen.

IT FURTHER IS ORDERED, so that the respondents may be electronically served with any amended petition and exhibits filed through counsel, that the Clerk of Court shall add Attorney General Catherine Cortez Masto as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to her. Respondents' counsel shall enter a notice of appearance herein within **twenty-one (21) days** of entry of this order, but no further response shall be required from respondents until further order of this Court.

IT FURTHER IS ORDERED that the motion for leave to file a longer than normal petition is GRANTED and that the Clerk shall reflect in the docket entry for the motion that the motion is granted by this order.

IT FURTHER IS ORDERED that petitioner's motions (## 6, 10 & 11) to supplement the petition are GRANTED, but with the proviso that, Local Rule LR 15-1 notwithstanding, the supplements shall be construed as supplemental rather than superceding pleadings. That is, no claims shall be regarded as omitted from this action by such supplemental filings, leaving it to appointed counsel to file a superceding amended petition setting forth all of petitioner's claims to be pursued in one pleading.

IT FURTHER IS ORDERED that petitioner's motion (#8) for a status check is GRANTED by the transmission of this order.

The Clerk of Court accordingly shall send a copy of this order to the *pro se* petitioner, the Attorney General, the Federal Public Defender, and the CJA Coordinator for this Division, and shall regenerate notices of electronic filing to counsel for both sides of all prior filings in both actions, including No. 3:10-cv-00745-ECR-VPC, so that both counsel may start their representation with copies of all filings in both cases.

DATED: February 6, 2012.

_____
EDWARD C. REED
United States District Judge

-3-