# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD C. WILLIAMS,

 *Petitioner*,

vs.

RENEE BAKER, *et al.*,

 *Respondents*.

3:10-cv-00805-LRH-VPC

(Base File)

ORDER

  This represented habeas matter comes before the Court for initial review of the counseled amended petition (#25), on petitioner's motion (#39) to set scheduling order, and on proper-person submissions (## 34 & 37) by petitioner.

  Following upon initial review, a response will be directed as further set forth below, and the motion to set scheduling order will be granted to the extent consistent therewith.

  Meanwhile, the Court previously has struck a proper-person submission by petitioner; it has directed that counsel file a notice that she has advised petitioner that he may communicate with the Court only through counsel; and counsel has filed such a notice in compliance with the order. Petitioner nonetheless continues to send proper-person communications to the Court. The Court's delay in reaching a matter provides a basis for petitioner making inquiry to his counsel and/or counsel making inquiry to the Court. Such delay does not provide a basis for petitioner communicating with the Court in proper person. The Court will direct counsel to inform petitioner again that he may communicate with the Court only through counsel and further that sanctions may be imposed if he continues to violate the Court's orders. If lesser sanctions are or would not be effective, such sanctions ultimately may include dismissal of the action. Petitioner is incarcerated under a presumptively valid state judgment

1  of conviction unless and until same is overturned, and, as with civil actions generally, he may lose his
2  ability to pursue a federal habeas action by refusing to comply with court orders.

3    IT THEREFORE IS ORDERED that respondents shall have **sixty (60) days** from entry of this
4  order within which to respond, including potentially by motion to dismiss, to the petition, as amended.
5  **Any response filed shall comply with the remaining provisions below, which are tailored to this**
6  **particular case based upon the Court's screening of the matter and which are entered pursuant**
7  **to Habeas Rule 4.**

8    IT FURTHER IS ORDERED that any procedural defenses raised by respondents in this case
9  shall be raised together in a single consolidated motion to dismiss.  In other words, the Court does not
10 wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive
11 motions to dismiss or embedded in the answer.  Procedural defenses omitted from such motion to
12 dismiss will be subject to potential waiver.  Respondents shall not file a response in this case that
13 consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28
14 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek
15 dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to
16 dismiss **not** in the answer; and (b) they shall specifically direct their argument to the standard for
17 dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).  In
18 short, no procedural defenses, including exhaustion, shall be included with the merits in an answer.  All
19 procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

20   IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents shall
21 specifically cite to and address the applicable state court written decision and state court record
22 materials, if any, regarding each claim within the response as to that claim.

23   IT FURTHER IS ORDERED that petitioner shall have **thirty (30) days** from service of the
24 answer, motion to dismiss, or other response to file a reply or opposition.

25   IT FURTHER IS ORDERED that petitioner's motion (#39) to set scheduling order is
26 GRANTED to the extent consistent with the remaining provisions of this order.

27   IT FURTHER IS ORDERED that petitioner shall CEASE AND DESIST all proper-person
28 communications with the Court and that, within **twenty-one (21) days** from entry of this order,

petitioner's counsel shall file a notice confirming that she has provided petitioner a copy of this order and that she has informed petitioner that: (a) he may communicate with the Court and Clerk in this matter only through counsel; (b) he therefore may not send letters to the Court or the Clerk inquiring as to the status of the case but instead must make all status inquiries to counsel; and (c) he has been warned by the Court that if he refuses to comply with the Court's orders and continues to send proper-person communications to the Court or Clerk the Court may impose sanctions, potentially ultimately up to and including dismissal of the action.

DATED this 12th day of April, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE